UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW CENTURY FINANCIAL**,<br><br>Plaintiff,<br><br>v.<br><br>**BEZALEL GROSSBERGER**,<br><br>Defendant. | Civil Action No. 24-9239 (ZNQ) (JBD)<br><br>**MEMORANDUM AND ORDER** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon review of *pro se* Defendant Bezalel Grossberger's removal (NOR, ECF No. 1) of this case from the Superior Court of New Jersey, Ocean County, Law Division, Special Civil Part, as well as Defendant's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 6) and a Motion for Injunctive Relief (ECF No. 5). For the reasons set forth below, Defendant's IFP application is GRANTED, however, this case is REMANDED to the state court pursuant to 28 U.S.C. § 1447(c) and the Motion for Injunctive Relief is DENIED AS MOOT.

**I.    BACKGROUND**

This case arises out of a contract dispute and complaint that was filed in the Superior Court in 2004. *New Century Financial v. Grossberger*, OCN-DC-10695-04 (N.J. Super. Ct. Law Div. 2004). Judgment was entered on February 22, 2005, against Defendant for $3,912.00. On August 30, 2024, New Century sought an order to revive the judgment and filed a certification in the Superior Court advising that the 2005 judgment remains unpaid and that the present balance, with interest and costs, is $4,878.52 plus a $25 filing fee. (ECF No. 5-1.)

On September 17, 2024, Defendant filed a Notice of Removal in this Court (ECF No. 1)

and on September 22, 2024, filed a Motion for Injunctive Relief (ECF No. 5) as well as an application to proceed *in forma pauperis* (ECF No. 6).

## II.   IFP APPLICATION

To avoid paying the filing fee for a civil case, a litigant may apply to proceed *in forma pauperis*. 28 U.S.C. § 1915. Such an application must "state the facts concerning [the applicant's] poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)). The Court must carefully review an IFP application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis*." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch v. United States*, 61 F.3d 1080, 1084 n.5 (3d. Cir. 1995)).

Defendant's IFP Application is complete, and he indicates that he is unemployed, does not have any money in savings, owns a 2007 Dodge Caravan worth $600, and his family of four seems to be reliant on his spouse's income of $2,500 a month. (ECF No. 6.) Accordingly, the Court finds that Defendant has established an inability to pay costs and fees, and grants the IFP Application.

## III.   NOTICE OF REMOVAL

The Court also screens the Notice of Removal to determine whether it should be dismissed or remanded.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Defendant does not attach the underlying complaint in this case, but the Court concludes from the Notice and other attached documents that the Court

---

[1] The Court may remand removed cases filed in conjunction with an IFP application. *See Asbury Park Mun. Ct. v. Walker*, Civ. No. 09-1260, 2009 WL 799947, at *1 (D.N.J. Mar. 25, 2009) (noting the district court's authority to remand a case for lack of subject matter jurisdiction even when the case is filed with an IFP application); *accord Malzarc, LLC v. Lambert*, Civ. No. 23-610, 2023 WL 7166873, at *2 (D.N.J. Oct. 31, 2023).

does not have subject matter jurisdiction for the reasons set forth below.

"Generally, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court of the United States for the district and division embracing the place where such action is pending.'" *Bank of New York Mellon Corp. v. Fischer*, Civ. No. 15-01465, 2015 WL 4569077, at *1 (D.N.J. July 28, 2015) (quoting 28 U.S.C. § 1441(a)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

Here, the underlying issue in this matter is a contract dispute which involves no federal question. Likewise, the Notice of Removal does not assert diversity of the parties. From what the Court can discern, Defendant is attempting to assert federal counterclaims and/or third-party claims against the Superior Court for alleged violations of due process and equal protection in the state court proceedings. (ECF No. 1 at 1.) Defendant claims that the state court proceedings violated his rights under federal law, which he argues grants this Court jurisdiction under 28 U.S.C. § 1331 and entitles him to remove the case to this Court pursuant to 28 U.S.C. § 1441. (*See id.*) But federal question jurisdiction cannot rest on an anticipated counterclaim or a third-party claim. *See Bank of New York Mellon*, 2015 WL 4569077 at *2 ("The Supreme Court has made clear that for purposes of removal, federal question jurisdiction is determined only by reference to the plaintiff's complaint, without any reference to a defendant's counterclaims." (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002))); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating

that federal jurisdiction cannot rest upon an actual or anticipated counterclaim).

Because these purported federal claims, and thus any federal question, are cited only in Defendant's Notice, this Court does not have jurisdiction to hear this case, and his removal is improper. *AHS Hosp. Corp. v. Ippolito*, Civ. No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019) ("The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction."). Therefore, this Court must remand the case to state court. *See A.F. v. Dep't of Corr.*, Civ. No. 21-14591, 2021 WL 3604784, at *1 (D.N.J. Aug. 13, 2021) (granting IFP application but remanding the case to state court for lack of subject-matter jurisdiction).

### IV.  CONCLUSION

For the foregoing reasons, **IT IS** on this **30th** day of **April 2025**,

**ORDERED** that Defendant's IFP Application (ECF No. 6) is **GRANTED**; it is further

**ORDERED** that this matter is hereby **REMANDED** to the Superior Court of New Jersey, Ocean County, Law Division, Special Civil Part; it is further

**ORDERED** that the pending Motion (ECF No. 5) is **DENIED AS MOOT**; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to mail a certified copy of this Memorandum Order to the clerk of the State Court; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to Defendant by regular U.S. mail.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**